# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2012

No. 10-60342
Summary Calendar

Lyle W. Cayce
Clerk

KHALID UMER,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A38-802-967

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

On January 9, 2012, the Supreme Court vacated this court's judgment
entered on March 11, 2011, and remanded the case for further consideration in
light of *Judulang v. Holder*, —— U.S. ——, 132 S. Ct. 476 (2011).  In *Judulang*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60342

the Court considered the Board of Immigration Appeals' (BIA) "comparable-grounds" rule for determining whether to summarily deny deportable aliens' applications for discretionary waivers under former § 212(c)[1] of the Immigration and Nationality Act. The Court held that the comparable-grounds rule is arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). *Judulang*, 132 S. Ct. at 479. In this case, the BIA relied on the comparable-grounds rule in denying Petitioner Khalid Umer individual consideration of his § 212(c) application. *Judulang* does not require the BIA to give individual consideration to every § 212(c) application filed by a deportable alien who is otherwise eligible to seek § 212(c) relief. The Supreme Court explained that "[i]n rejecting th[e] rule, we do not preclude the BIA from trying to devise another, equally economical policy respecting eligibility for § 212(c) relief, so long as it comports with everything held in both this decision and *St. Cyr*." *Id*. at 490. Accordingly, it suffices to send this case back to the BIA to reconsider its decision regarding whether Umer's application should be considered on its individual merits.

We GRANT Umer's petition for review, VACATE the BIA's judgment, and REMAND the case to the BIA for reconsideration in light of *Judulang*.

---

[1] 8 U.S.C. § 1182(c) (1994).